IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| LINWOOD JOHNSON | * | Case No. 13-30545-WIL |
| | * | Chapter 7 |
| Debtor | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| MICHAEL G. WOLFF, TRUSTEE | * | |
| 15245 Shady Grove Road, | | |
| Suite 465 | * | |
| Rockville, Maryland 20850 | | |
| | * | |
| Plaintiff | | |
| | * | |
| vs. | | Adversary No. 14-____-WIL |
| | * | |
| LINWOOD JOHNSON | | |
| 22237 Trentworth Way | * | |
| Clarksburg, Maryland 20871 | | |
| | * | |
| Defendant | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

COMPLAINT FOR TURNOVER, AND OBJECTION TO DISCHARGE

MICHAEL G. WOLFF ("Plaintiff"), Chapter 7 Trustee of the Bankruptcy Estate of Linwood Johnson (the "Debtor"), by his counsel, JEFFREY M. ORENSTEIN and GOREN, WOLFF & ORENSTEIN, LLC, pursuant to 11 U.S.C. § 727 files this Complaint objecting to the Debtor's discharge. For his Complaint against the Debtor, Plaintiff alleges as follows:

JURISDICTION

1.   This is an adversary proceeding brought pursuant to Rule 7001 of the Bankruptcy Rules.

1

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157, 11 U.S.C. § 727 and Rule 7001 of the Bankruptcy Rules.

3. This adversary proceeding is a core proceeding as defined by 28 U.S.C. § 157.

4. Pursuant to Local Rule 7012-1(b), Plaintiff hereby states that he consents to the entry of final orders or judgments by the Bankruptcy Judge.

## THE PARTIES

5. The Debtor is an individual residing within this district.

6. On December 6, 2013, the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date.")  Thereafter, Plaintiff was appointed to serve as the Chapter 7 Trustee of the Debtor's bankruptcy estate and continues to serve in that capacity.

## FACTS

7. On December 31, 2013, the Debtor filed his Statement of Current Monthly Income and Means Test Calculation (the "Means Test") in which the Debtor reported that his monthly gross wages, salary, tips, bonuses, overtime, and commissions for the relevant period were $4,500.00 ($54,000.00 on an annualized basis).

8. In his Means Test, the Debtor reported that he received no gross income from the operation of any business during the same period.

9. The same day, the Debtor filed his Statement of Financial Affairs ("SOFA").

10. In his SOFA, the Debtor reported that he had no gross income in the two years immediately preceding the Petition Date.

11. That same day, the Debtor also filed his Schedules.

12. The Debtor's Schedule I reflected that he was a musician who had been employed by "Uppercut Entertainment" for a period of ten (10) years with a current average monthly gross wage of $4,500.00.

13. The Debtor's Schedule I reflected that the address for Uppercut Entertainment was the Debtor's residence.

14. On February 18, 2014, Plaintiff conducted, but did not conclude, the Debtor's Section 341 Meeting.

15. At the Section 341 Meeting, the Debtor provided Plaintiff with pay advices from an entity identified as Uppercut Entertainment, LLC ("Uppercut Nevada").

16. The pay advices that were provided to Plaintiff reflected that, for the period from May 26, 2013, through and including September 21, 2013, the Debtor received bi-weekly gross wages of $3,750.00 (approximately $97,500.00 on an annualized basis).

17. The pay advices that were provided to Plaintiff reflected that, for the period from September 22, 2013 through and including December 21, 2013, the Debtor received bi-weekly gross wages of $3,250.00 (approximately $84,500.00 on an annualized basis).

18. According to the records of the Nevada Secretary of State, Uppercut Nevada is a revoked Limited Liability Company that was formed in the Sate of Nevada in June of 2011.

19. The Debtor is the only individual that is identified in the State of Nevada's records as having any interest in Uppercut Nevada.

20. At the Section 341 Meeting, the Debtor also provided Plaintiff with the Debtor's 2006 Form 1040 which reflected that the Debtor had received over $300,000.00 of net business income from a Schedule C business that was identified as Uppercut Entertainment.

21. According to the records of the Maryland State Department of Assessments and Taxation ("SDAT"), Uppercut Entertainment, LLC ("Uppercut Maryland") is a forfeited Limited Liability Company that was formed in the State of Maryland in August of 2002.

22. The Articles of Organization that Uppercut Maryland filed with the SDAT were signed by the Debtor.

23. Statement 18(b) of the Debtor's SOFA lists Uppercut Entertainment as a business that has been in existence from "2003-present."

24. In his SOFA, the address that the Debtor listed for Uppercut is the Debtor's residence.

25. At his Section 341 Meeting, the Debtor testified that he was last in business for himself in 2007.

26. At his Section 341 Meeting, the Debtor testified that he no longer had any ownership interest in the business he referred to as "Uppercut Entertainment."

27. At his Section 341 Meeting, the Debtor testified that he is employed by Uppercut Entertainment and that Uppercut Entertainment is engaged in the business of "entertainment/music" with "shows all over the world."

28. At his Section 341 Meeting, the Debtor testified that Uppercut Entertainment promoted shows, but that he "has certain artists that [he manages] individually."

29. At his Section 341 Meeting, the Debtor testified that he receives a percentage of those artists' fees with the last such booking being a 3 night booking in Toronto in November of 2013 and with the Debtor having received approximately $5,000.00 as his compensation.

30. The Debtor's pay advices and testimony establish that his Schedules, SOFA and Statement of Current Monthly Income and Means Test Calculation (the "Required Documents") are not accurate.

31. At the Section 341 Meeting, the Debtor also testified that he has not filed tax returns since prior to 2010.

32. Based upon the Debtor's testimony, Plaintiff determined that he could not properly administer the Debtor's bankruptcy estate without complete and accurate Required Documents, without up-to-date tax returns, without information regarding the Debtor's interest in the entities known as Uppercut, and without information regarding the Debtor's promotional and management activities and income.

33. On February 20, 2014, Plaintiff filed a Motion to Compel Debtor's Cooperation by which he sought an Order compelling the Debtor to (a) file his state and federal tax returns for 2010, 2011 and 2012, (b) provide Plaintiff with copies of all filed tax returns for 2010, 2011 and 2012, and (c) provide Plaintiff with copies of all contracts by which the Debtor has received, or may in the future receive, compensation for his promotion, management, or other involvement in any entertainment event to the extent that such contact was in effect during any portion of the period from January 1, 2013 through and including December 6, 2013.

34. On February 24, 2014, Plaintiff also filed a Motion for Rule 2004 Examination of the Debtor by which he sought the production of certain documents in the Debtor's possession, custody and/or control and by which he sought an opportunity to conduct the oral examination of the Debtor following Plaintiff's receipt of the documents.

35. On March 11, 2014, the Court entered its Order Requiring Production of Documents and Authorizing Rule 2004 Examination of the Debtor (the "2004 Order") by which the Court Ordered the Debtor to appear for an examination under oath and also Ordered "that within twenty-one (21) days from the entry of this Order, the Debtor shall deliver to Michael G. Wolff" certain documents that were enumerated in the 2004 Order.

36. On March 14, 2014, the Court entered its Order Compelling Debtor's Cooperation (the "Order to Compel") in which the Court provided as follows:

> ORDERED, that no later than the date set forth in the margin above, the Debtor shall file Amended Schedules, an Amended Statement of Financial Affairs, and an Amended Statement of Current Monthly Income and Means Test Calculation that fully, completely, and accurately report the Debtor's assets, liabilities, financial condition and transactions for the period referenced in those documents; and it is further
>
> ORDERED, that no later than the date set forth in the margin above, the Debtor shall file all state and federal tax returns that, based upon applicable law, were required to have been filed for the periods through December 31, 2012; and it is further
>
> ORDERED, that no later than the date set forth in the margin above, the Debtor shall provide Plaintiff with copies of all filed tax returns for the calendar years 2010, 2011 and 2012; and it is further
>
> ORDERED, that no later than the date set forth in the margin above, the Debtor shall provide Plaintiff with copies of all contracts by which the Debtor has received, or may in the future receive, compensation for his promotion, management, or other involvement in any entertainment event to the extent that such contact was in effect during any portion of the period from January 1, 2013 through and including December 6, 2013.

37. The margin of the Order to Compel included the statement "DEBTOR SHALL COMPLY WITH THE TERMS OF THIS ORDER NO LATER THAN MARCH 24, 2014."

38. By letter dated March 18, 2014, Plaintiff's undersigned counsel, provided copies of the 2004 Order and the Oder to Compel to the Debtor's counsel and reminded him of the Debtor's obligations under the Orders.

39. As of March 26, 2014, the Debtor had not filed any amendments and had not produced any documents to Plaintiff.

40. By letter dated March 26, 2014, Plaintiff's undersigned counsel again wrote to the Debtor's counsel and stated:

> On March 18, 2014, I wrote to address a number of issues including, but not limited to the Court's Order Compelling Debtor's Cooperation which required that, on or before March 24, 2014, the Debtor would (1) file Amended Schedules and related documents, (2) file all tax returns through December 31, 2012, and (3) provide certain documents to Plaintiff. Two days have passed since the Court imposed deadline and the Court's docket reflects that there have been no amendments filed. In addition, we have not received any of the required documents in our office. These facts lead me to believe that it is likely that the Debtor has also not filed the required tax returns although I certainly stand to be provide wrong if that is not the case.
>
> Plaintiff has no authority to provide the Debtor with an extension of any deadline that the Court has established in an Order and the Court can certainly see for itself that the required amendments have not been filed. Nonetheless, in a good faith effort to allow the Debtor to avoid being held in contempt and to allow Plaintiff to efficiently administer this bankruptcy estate, Plaintiff will wait an additional seven (7) days before bringing these deficiencies to the attention of the Court. I hope and trust that the Debtor will take full advantage of this additional time and will do everything that is required to comply with the Court's Order.

41. On April 1, 2014, Plaintiff's undersigned counsel again reached out to the Debtor's counsel sending an e-mail to advise that Plaintiff would consider bringing the matter to the Court's attention if no action had been taken by April 3, 2014.

42. As of April 14, 2014, the Debtor still had not filed any amendments and still had not produced any documents to Plaintiff.

43. On April 14, 2014, Plaintiff filed his Motion to (1) Enforce Order Compelling Debtor's Cooperation, (2) Enforce Order Requiring Production of Documents and Authorizing Rule 2004 Examination of the Debtor; and (3) Hold Debtor in Contempt (the "Contempt Motion").

44. On April 30, 2014, the Court entered its Order for Linwood Johnson to Show Cause Why He Should Not Be Held in Contempt (the "Show Cause Order").

45. The Show Cause Order, among other things, required the Debtor (1) to show cause, in writing, why he had not complied with the Order to Compel and the 2004 Order; and (2) to produce and/or file certain documents.

46. Thereafter, the Debtor sent a document to Plaintiff's counsel that addressed certain concerns that he had in connection with his bankruptcy case (the "Response").

47. Plaintiff received the Response on May 14, 2014.

48. The Response may have been intended by the Debtor to be his written response to the Order.

49. The time for the Debtor to have complied with the Show Cause Order has passed.

50. To date, the Debtor has not (1) provided any of the documents identified in the 2004 Order; (2) filed Amended Schedules, an Amended Statement of Financial Affairs, or an Amended Statement of Current Monthly Income and Means Test Calculation; (3) provided Plaintiff with copies of any of the Debtor's filed tax returns for the calendar years 2010, 2011 and 2012; or (4) provided Plaintiff with copies of any contracts by which the Debtor has received, or

may in the future receive, compensation for his promotion, management, or other involvement in any entertainment events.

51. Through the Debtor's testimony, it is clear that the Debtor has financial records which are relevant and necessary to the administration of his bankruptcy case.

52. Through the Debtor's testimony, it is clear that the Debtor has received funds and/or has contracts for the post-petition receipt of funds that he has neither reported nor turned over to Plaintiff.

53. The funds that the Debtor has received would be property of his bankruptcy estate.

COUNT I
OBJECTION TO DISCHARGE - 11 U.S.C. § 727(a)
(The Debtor)

54. Plaintiff realleges and incorporates by reference paragraphs 1 through 53 as if fully set forth herein.

55. The Debtor has not yet been granted a discharge.

56. As set forth in detail above, within one year prior to the filing of the Petition Date, and with the intent to hinder, delay, and/or defraud their creditors, the Debtor has transferred, removed, or concealed, or permitted the transfer, removal or concealment of his property.

57. As set forth in detail above, following the filing of his bankruptcy Petition, and with the intent to hinder, delay, and/or defraud his creditors and Plaintiff, the Debtor transferred, removed, or concealed, or permitted the transfer, removal or concealment of property of the estate.

58. As set forth in detail above, the Debtor has failed to keep or preserve recorded information, including documents, records, and papers from which the Debtor's business transactions can be ascertained.

59. As set forth above, and as evidenced by his testimony at his Section 341, in connection with their bankruptcy case, the Debtor knowingly and fraudulently made false oaths or accounts in his Schedules, SOFA and Means test.

60. As set forth above, the Debtor, in connection with the case, has withheld from Plaintiff recorded information including documents, records and papers relating to the Debtor's financial affairs.

61. As set forth above, the Debtor has refused in his Bankruptcy case to obey lawful orders of the Court including the 2004 Order, the Order to Compel, and the Show Cause Order.

WHEREFORE, Plaintiff demands the following relief:

A. That this Court enter a judgment denying the Debtor's discharge in this bankruptcy case; and

B. For such other and further relief as the nature of this cause may require.

Respectfully submitted,

\s\ Jeffrey M. Orenstein
JEFFREY M. ORENSTEIN (#07512)
Goren, Wolff & Orenstein LLC
Shady Grove Plaza
15245 Shady Grove Road, Suite 465
Rockville, Maryland  20850
(301) 984-6266
jorenstein@gwolaw.com

Attorneys for Michael G. Wolff, Trustee

10